CASE No. 801.

STATE v. EDWARDS.

1. The judge charged the jury that if a party hears a criminal charge against himself made in his presence, and says nothing, it is an admission on his part, and in the eye of the law the party accepts that charge as his confession. *Held,* that the charge was erroneous.
2. The weight and effect of proof of good character in cases of larceny, considered.

_____

Before Thomson, J., Spartenburg, October, 1879.

Indictment for burglary and grand larceny.

Rodgers, after his arrest, made a full confession of his own guilt and said, in the presence and hearing of the other defendants, that they were present aiding and participating in the larceny; to this statement of Rodgers there was no dissent by any of the other defendants, one of them then remarking to the prosecutor: " We know you have got us, and we want you to be as light as you can." The others heard this remark, but said nothing. There was also a written confession signed by all the defendants, but which they, with the exception of Rodgers, said had been signed when they were in liquor, and for the sole pur-

pose of avoiding the expense of a prosecution. There was evidence as to the good character of all of the defendants except Rodgers. The charge of the presiding judge, so far as it is reviewed here, is given in the opinion of the court. Rodgers was convicted of burglary and grand larceny, Griffin was acquitted, and the other defendants were convicted of grand larceny. Motion in arrest of judgment and for new trial was refused, and the convicted defendants were sentenced. All except Rodgers appealed upon the several grounds taken on motion for new trial and in arrest of judgment.

*Mr. J. S. R. Thomson,* for appellants.

It was error to charge that the silence of the appellants, when Rodgers made his confession, was an admission of guilt on their part. 1 *Greenl. on Ev.,* § 197, *and note a;* 1 *Whart. on Crim. Law,* § 696. There was error in charging that testimony as to good character can have no weight, except in doubtful cases. 3 *Greenl. on Ev.,* § 25; 1 *Whart. on Crim. Law,* §§ 643, 644.

*Mr. Solicitor Ball,* contra.

Good character avails only in doubtful cases. 3 *Strob.* 517. Confession is inferred from silence. *Rosc. Crim. Ev.* 53, (7th ed.) Like other confessions, it is an acknowledgment to be considered by the jury.

January 9th, 1880. The opinion of the court was delivered by

WILLARD, C. J. James Edwards, John Draper, Henry Draper, John Rodgers, Samuel Griffin and Prince Donnough, were indicted for burglary and grand larceny. Rodgers was convicted of "burglary and grand larceny." Griffin was acquitted, and the other parties convicted of grand larceny and sentenced accordingly. The grounds of appeal affect the conviction of the parties, other than Rodgers and Griffin.

The leading objection to the verdict against the parties convicted of grand larceny, turns on the fact that the confession of Rodgers was introduced, and it was shown that the other parties indicted were present when the confession was made, and did not

deny its truth. The Circuit judge charged " that if a party hears a criminal charge against himself, and made in his presence, and says nothing, it is an admission on his part, and, in the eye of the law, the party accepts that charge as his confession." The effect of this charge was to give the silence of the parties the legal force and effect of confession of guilt. · It must, in this respect, be distinguished from the proposition that the conduct of parties under accusation of crime may be given to the jury, as circumstances to be weighed in connection with the question of guilt or innocence. To give the silence of parties such legal effect, is equivalent to holding that every person accused of crime by any person, regardless of time, place or circumstance, is bound to deny such accusation and affirm his innocence. It is clear that the law imposes no such obligation on a party accused ; but, on the contrary, it is his right to stand mute, and the burden of showing the guilt is on those that make the accusation.

Where civil rights are alone concerned the silence of a party is often construed as assent to be bound by an obligation, and the equity is ground of estoppel. In both of these cases an obligation or duty to speak, coupled with an injury to the party to whom such obligation or duty is due, by reason of such silence, is the foundation of the rule. Both of these elements are lacking in the case of the silence of a party standing accused of crime.

As the verdict against the parties other than Rodgers and Griffin must be set aside in consequence of the erroneous charge just considered, it will not be necessary to examine the questions that grow out of the form of the verdict, especially as they have arisen out of accidental circumstances that may not again occur.

The charge that " good character can have no weight except in doubtful cases " might have the effect under some circumstances to divert the attention of the jury from the real importance of evidence of good character. The hearing of such evidence is directly upon the intent or motive to be ascribed to the conduct of the party, and the proof of good character may have the effect to call for a higher degree of certainty in the proofs of the conduct of the party than could be requisite if a notoriously bad character was shown. If a person of undoubted

character is seen in the act of lifting goods from the counter of a store, an intent to steal could not be made out against such proof of character on testimony that might be abundantly sufficient to convict a notorious thief. While, therefore, the charge is not in itself necessarily erroneous, it is apparent that it might become so under circumstances easy to conceive. Its bearing in the present case need not be considered, as the case is disposed of on other grounds.

The verdict, as it regards all the parties convicted, except Rodgers, must be set aside, and a new trial granted.

McIVER, A. J., concurred.